IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Humana Insurance Company, | ) | C/A No. 4:18-cv-2151-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Bi-Lo, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant's Motion to Dismiss. ECF No. 7. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 12–13. Additionally, Plaintiff filed two Notices of Supplemental Authority, to which Defendant filed Replies. ECF Nos. 14, 15, 19, 20. Accordingly, the Motion is ripe for review.

I. **Procedural and Factual History**

Plaintiff Humana Insurance Company ("Humana") is a Medicare Advantage Organization ("MAO"). As an MAO, Humana is a "secondary payer," which means that workers' compensation, liability insurance, and no-fault insurance are the primary payer on any claim for medical benefits. "When an MAO makes a payment for medical services that are the responsibility of a primary plan . . . those payments are conditional, whether the primary plan's liability was established at the time of the conditional payment or not." ECF No. 1 at 6. "Optimally, when items and services are covered by both a primary plan and by Medicare benefits, the providers submit their charges to the primary payer, and Medicare *avoids* the expense of paying those charges." *Id.* "Alternatively, when Medicare makes a conditional payment for medical services that have a primary payer,

1

regardless of the reason, Medicare may seek to *recover* those conditional payments." *Id.* at 6–7 (citations omitted).

This case arises out of a slip and fall accident at a store operated by Defendant. On August 29, 2013, a Humana enrollee ("Enrollee") fell at a Bi-Lo grocery store. At the time of the accident, Enrollee was eligible for Medicare and elected coverage through Humana. As a result of the fall, Humana has expended at least $25,449.88 in conditional payments for claims submitted on behalf of Enrollee. In May 2016, Defendant entered into a settlement with Enrollee, agreeing to pay Enrollee $80,000 in exchange for a release of all claims. In the summer of 2016, Defendant disbursed the settlement payment directly to Enrollee. According to Humana, "[a]lthough Enrollee was primarily responsible for reimbursing these [conditional payment] funds within 60 days of Defendant's payment, 42 C.F.R. § 411.24(h), the Defendant remained responsible to reimburse Humana under applicable federal regulations, *e.g.,* 42 C.F.R. § 411.24(i)(1), and, by failing to make advance arrangements to see that this occurred, assumed the risk of being responsible to ensure that Humana was paid in the event Enrollee breached its obligations." ECF No. 1 at 9.

Enrollee did not comply with her obligation to repay Humana, leading Humana to send Defendant's counsel a demand letter for reimbursement of the conditional payments made on Enrollee's behalf. Defendant did not respond to Humana's letter. To date, Humana has not received any reimbursement for those conditional payments. Accordingly, Humana filed a Complaint against Defendant alleging two causes of action. First, Humana seeks a declaratory judgment as to Defendant's obligation to reimburse

the conditional payments. Second, Humana seeks double damages[1] pursuant to a private cause of action created by 42 U.S.C. § 1395y(b)(3)(A). In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7). ECF No. 7.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

---

[1] The damages Humana seeks are not the entirety of the conditional payment amount. Instead, the relevant regulations require the MAO to reduce the amount sought to account for the ratio of the Medicare lien to the total settlement. In this case, Humana seeks $16,377.01 in damages, which is doubled to $32,754.02.

3

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) provides that courts may dismiss suits where a plaintiff fails to join a party under Rule 19. In order to determine whether an action should be dismissed on this basis, it is necessary to refer to Rule 19, which sets forth a two-step process for determining whether a party should be joined. "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a). If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 249 (4th Cir. 2000).

"Dismissal of a case is a drastic remedy, however, which should be employed only sparingly." *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999). "When an action will affect the interests of a party not before the court the ultimate question is this: Were the case to proceed, could a decree be crafted in a way that protects the interests of the missing party and that still provides adequate relief to a successful litigant?" *Id.* (citation omitted). "Although framed by the multi-factor tests

4

of Rule 19(a) & (b), 'a decision whether to dismiss must be made pragmatically, in the context of the substance of each case, rather than by procedural formula.'" *Id.* (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). "A court must examine the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it." *Id.* (citation omitted).

III. **Analysis**

Defendant contends that Humana's Complaint should be dismissed for four reasons: (1) no private right of action exists as set forth in the Complaint; (2) Humana has failed to join an indispensable party; (3) the Complaint is insufficiently pled; and (4) Defendant has provided for payment. The Court addresses these in turn.

### A. Availability of a Private Cause of Action

This case involves the intersection of complex Medicare regulations and statutes. By statute, "a primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary [of Health and Human Services] . . . with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii). The applicable regulations state: "If Medicare is not reimbursed as required by paragraph (h) of this section,[2] the primary payer must reimburse Medicare even though it has already reimbursed the beneficiary or other party." 42 C.F.R. § 411.24(i)(1).

The dispute arises as to whether an MAO, such as Humana, can bring a private cause of action to recover conditional payments from a primary payer, such as Defendant.

---

[2] Paragraph (h) states: "If the beneficiary or other party receives a primary payment, the beneficiary or other party must reimburse Medicare within 60 days." 42 C.F.R. § 411.24(h).

5

Defendant contends "the long-recognized [South Carolina] practice upon settlement of a case is that the plaintiff remains responsible for satisfying any medical liens from the settlement proceeds." ECF No. 7 at 2–3. As an initial matter, the Court rejects any argument that established practice controls in this case. Instead, the Court must look to the statutes, regulations, and case law that discuss whether an MAO can pursue a direct action against a party who settles a case with a plaintiff when the plaintiff does not reimburse the MAO for the conditional payments. To that end, Defendant contends that the private cause of action discussed below is created for the beneficiary and not for an MAO. The Court disagrees.

Congress "established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." 42 U.S.C. § 1395(b)(3)(A). Numerous courts have addressed whether this private cause of action applies to MAO parties. Prior to addressing that issue, a brief overview of the Medicare Advantage program is warranted.

"'Congress's goal in creating the Medicare Advantage program was to harness the power of private sector competition to stimulate experimentation and innovation that would ultimately create a more efficient and less expensive Medicare system.'" *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1235 (11th Cir. 2016) (quoting *In re Avandia Marketing, Sales Practices and Products Liab. Litig.*, 685 F.3d 353, 363 (3rd Cir. 2012)). Thus, Congress designed a system where "a private insurance company, operating as a MAO, administers the provision of Medicare benefits pursuant to a contract with [the Government]." *Id.* However, Part C of the Medicare Secondary Payer Act, "does

6

not contain an enforcement provision equivalent to either the government enforcement provision, subsection (b)(2)(B)(iii), or the Private Cause of Action provision, paragraph (b)(3)(A)." *Aetna Ins. Co. v. Guerrera*, 300 F. Supp. 3d 367, 374 (D. Conn. 2018). "Absent an enforcement mechanism in Part C, disputes have arisen as to whether Part C created an implied right of action or—at issue in this case—whether the Private Cause of Action is available to MAOs." *Id.* (citations omitted).

Here, Humana relies on the private cause of action provision and does not argue that Part C created an implied right of action. Numerous courts have addressed the precise question in this case—whether an MAO can bring a cause of action under the private cause of action provision, 42 U.S.C. § 1395(b)(3)(A). *See* ECF No. 12 at 3 (collecting cases). At least one District Court in the Fourth Circuit has found "that a MAO may pursue recovery pursuant to the private right of action in § 1395y(b)(3)(A)." *Humana Ins. Co. v. Paris Blank LLP*, 187 F. Supp. 3d 676, 680 (E.D. Va. 2016). Many of the courts finding that the private cause of action statute applies to MAOs have relied on the Third Circuit's thorough discussion of the issue in *In re Avandia*. After reviewing that decision, the Court agrees in full with the reasoning and holding and incorporates the Third Circuit's analysis herein.

Defendant contends that two Fourth Circuit cases are "controlling." ECF No. 7 at 5–6 (discussing the cases). As Humana correctly notes, "[n]either of those cases concerned payments by [MAOs], and therefore neither had occasion to consider whether MAOs may invoke § 1395y(b)(3)(A) when tortfeasors refuse an MAO's demand for reimbursement of conditional payments." ECF No. 12 at 13. Absent any binding authority
7

from the Fourth Circuit, the Court joins the majority of its sister courts in finding that an MAO can maintain a private cause of action.

Defendant also raises a constitutional issue, claiming that its due process rights would be violated if Humana is permitted to bring a private cause of action. Although Defendant raises a number of arguments in support of its constitutional challenge, the heart of the argument is that Defendant would be forced to pay far in excess of the conditional payment amount under a private cause of action and is not provided notice of the conditional payment amounts. These arguments are without merit. Defendant's damages argument is remedied by its ability to seek indemnification from the Enrollee. Resolution of the notice issue is even simpler—Defendant could have conditioned settlement on Enrollee providing the conditional payment amount during settlement negotiations or refusing to issue a check directly to Plaintiff without ensuring the MAO conditional payments are satisfied. In fact, in the undersigned's considerable experience dealing with satisfaction of Medicare/MAO liens, that is often the practice involving such liens.

### B. Failure to Join an Indispensable Party

Defendant next contends that "[a]s an enrollee in an MAO, [Enrollee] has an obligation to reimburse Humana from the settlement dollars it received from [Defendant]." ECF No. 7 at 14. Defendant further argues that "[i]nclusion of [Enrollee] in the case at this stage also serves judicial economy and prevents the need for a later indemnity suit (based on the language of the settlement release) by [Defendant] against [Enrollee]." *Id.* at 15. In response, Humana states that "Enrollee is not 'necessary,' because Humana has an *independent* and *direct* cause of action against [Defendant] concerning

8

[Defendant's] obligations under federal law and [Defendant's] failure to pay." ECF No. 12 at 27.

While Defendant may be correct that Enrollee is the "'elephant in the room' throughout any adjudication of this matter," ECF No. 7 at 14, the Court can still provide complete relief to Humana without Enrollee being a party to this action because the Court has found that Humana may bring a private cause of action against Defendant. To that point, while Defendant is correct that Enrollee has an obligation to reimburse Humana, it is black letter law that an aggrieved party is the master of its case and is not required to sue all joint tortfeasors. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." (citations omitted)). Additionally, in order to ameliorate its indemnification concerns, Defendant can implead Enrollee as a third-party defendant.

### C. Sufficiency of the Complaint

Defendant next contends that Humana's Complaint violates the factual specificity required to survive a motion to dismiss. Essentially, Defendant contends that Humana does not identify: (1) the Enrollee's name; (2) details of the Enrollee's medical treatment; and (3) the dates of that medical treatment. Privacy issues aside, Humana's Complaint contains adequate specificity. The information Defendant complains about can be obtained during discovery, during which Defendant will have the opportunity to challenge the propriety of the conditional payment amount and make a challenge to the statute of limitations, if appropriate. The Court also rejects Defendant's argument that "Humana's Complaint is insufficiently pleaded because it fails to articulate how [Defendant] constitutes a primary plan." ECF No. 7 at 19. The facts alleged in Humana's Complaint

9

lead to the reasonable inference that Defendant is a primary plan by virtue of its settlement with Enrollee.

### D. Defendant's Provision of Payment

Finally, Defendant contends that "[d]ismissal is warranted because Humana *admits* that [Defendant] provided for payment." ECF No. 7 at 21. The Court summarily rejects this argument as the pleadings demonstrate that Defendant paid *Enrollee* and not Humana. Defendant's obligation to pay Humana directly is the question at issue in this case and will be litigated vigorously by both parties. However, it is undisputed that Defendant has not paid Humana directly; thus, dismissal is inappropriate at this time.

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion, ECF No. 7, is **DENIED** as set out in this Order. The parties are directed to submit a Proposed Joint Amended Scheduling Order within 14 days of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 24, 2019
Spartanburg, South Carolina